# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No. 1:19CR719** |
| **Plaintiff,** | |
| **-vs-** | |
| | **JUDGE PAMELA A. BARKER** |
| **JEFFREY McCALL** | |
| **Defendant.** | **MEMORANDUM OF OPINION AND ORDER ON DEFENDANT'S MOTION FOR BOND PENDING TRIAL (AMENDED)** |

Currently pending is Defendant Jeffrey McCall's Motion for Bond Pending Trial (Amended) filed on April 14, 2020 ("Defendant's Motion). (Doc. No. 17.)  The Government filed a Response to Defendant's Motion on April 15, 2020 ("the Government's Response").  (Doc. No. 18.)  For the reasons set forth below, Defendant's Motion is DENIED.

In Defendant's Motion, Defendant requests that this Court reconsider the order of detention by Magistrate Judge John Greenberg on January 28, 2020, but acknowledges that "[w]hen he waived the detention hearing in Texas, he did not specifically reserve the right to have a hearing in this district," and therefore, he "can only revisit the detention issue if there is new information bearing on the issues of flight and/or danger to the community.  18 U.S.C. §3142(f)(2)."  (Doc. No. 17, PageID # 95.)  Defendant then asserts that information presented in Defendant's Motion indicates that he is not a flight risk, and that there are combinations of conditions that will reasonably assure community safety, specifically electronic monitoring, and any other conditions the Court deems appropriate.  The only information presented in Defendant's Motion for his argument that he does not pose a risk of flight or danger to the community is included under section IV. of Defendants' Motion, wherein he

asserts that "[i]f granted a bond, [he] will not flee and will not pose a danger to any person or the community"; "the Court may order [him] released on house arrest and electronic monitoring", specifically at his home in Houston, Texas with his wife and children; and "[w]hile [he] does have a criminal history, there is no history of violent offenses."  (Doc. No. 17, PageID #s 101, 96.)  The primary argument set forth in, and focus of Defendant's Motion, is the radical change of circumstances in the United States since Defendant was detained, specifically the COVID-19 pandemic.  Defendant submits that "the pandemic caused by the relentless spread of the COVID-19 virus provides clear and convincing evidence that [he] should be released pending trial."  (Doc. No. 17, PageID # 96.)  Stated differently, according to Defendant, "the pandemic represents 'exceptional circumstances' as that phrase is used in 18 U.S.C. §3145(c).  (Doc. No. 17, PageID # 97.)  Defendant submits that being housed at CCA – where a transport officer was recently diagnosed with COVID-19 - he is subject to heightened concerns such as being unable to socially distance, and being located in a pod that contains a large number of inmates with little to no safety precautions in place to prevent the spread, and therefore, he is concerned about his personal health as he fears contracting COVID-19 and is afraid of the jail's inability to properly treat him if he gets sick.  (Doc. No. 17, PageID #s 99, 101.)

In the Government's Response, the Government points out that having signed a Waiver of Pretrial Release on December 20, 2019 and thereby acknowledging that a warrant had been issued for him by the Texas Parole Board, and not reserving the right to revisit the issue of detention, Defendant was remanded to the custody of the U.S. Marshal at the January 28, 2020 arraignment before Magistrate Judge Greenberg.  The Government cites to the first disclosure of the Modified Presentence Report requested by Defendant that details a Base Offense Level of 25 if Defendant

accepts responsibility, and a Criminal History Category of V, meaning Defendant could face up to 100 to 125 months of imprisonment if convicted of the charges set forth in the indictment:  Count 1 – Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846; Count 2 – Distribution of Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)[1]; and Count 3 – Use of a Communication Facility in the Commission of a Drug Trafficking Crime, in violation of 21 U.S.C. § 843(b).

Moreover, at the time of the offenses Defendant is alleged to have committed and his arrest, Defendant was under the supervision of the Texas Parole Board for a 2013 felony drug trafficking conviction.  The Government asserts that on April 15, 2020, the Texas Parole Board confirmed that a warrant is still entered against Defendant, meaning that if this Court grants Defendant's Motion, Defendant will remain detained and be transported back to the custody of the Texas Parole Board to face his parole violation there.

The Government correctly asserts that a district court may reopen a detention hearing based on changed circumstances, citing 18 U.S.C. § 3142(f)(2)(B), but that "the new information must have been unknown to the movant at the time of the hearing, and must have 'a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community.  United States v. Watson, 475 Fed. App'x 598, 600 (citing § 3142(f)(2)(B)).'"  (Doc. No. 18, PageID #108.)  The Government cites United States v. Tawfik, 2020 WL 1672655 (E.D. Mich. Apr. 6, 2020) (citing cases finding same), for the proposition or argument that "the general risks presented by the  COVID-19 pandemic to certain

---

[1] The Government correctly notes that a violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) carries a five-year mandatory minimum penalty.

3

populations including those in jails and prisons, 'without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order.''"  (Doc. No. 18, PageID # 108.)

   While acknowledging that one staff member has tested positive for the virus at Northeast Ohio Correctional Center ("NEOCC")/CCA, the Government notes that no inmate there has tested positive for the virus, and the entire facility is under quarantine, and that Defendant does not allege that he has COVID-19 symptoms or that he is at high risk for contracting the virus.  The Government sets forth or outlines the comprehensive precautionary measures that have been instituted by the Bureau of Prisons, the U.S. Marshals Service and NEOCC/CCA to limit the risk of spread of the virus.  (Doc. No. 18, PageID #s 115-118.)  Finally, the Government argues that since the Texas Parole Board still has a warrant for Defendant's arrest, the U.S. Marshal Service would have to transfer his custody to the Cuyahoga County jail to await coordination with the Texas Parole Board authorities where, as detailed in Defendant's Motion, at least six (6) cases of COVID-19 were confirmed as of April 3, 2020.  Then, transport from the Cuyahoga County jail to Texas, according to the Government, would create greater risk of Defendant contracting the virus.  (Doc. No. 18, PageID # 119.)  And, being ultimately released to home detention with electronic monitoring upon return to Texas would pose an increased risk of contracting the virus to Probation and Pretrial Services Officers.

This Court finds the government's arguments to be well-taken.  The COVID-19 pandemic, standing alone, does not constitute a "change of circumstance" warranting Defendant's release.  Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

_s/Pamela A. Barker_
PAMELA A. BARKER
Date:  April 17, 2020                                    U. S. DISTRICT JUDGE

5