# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO.: 1:19-CR-719** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **JEFFREY MCCALL,** | |
| | **MEMORANDUM OPINION AND** |
| **Defendant** | **ORDER** |

This matter is before the Court on Defendant Jeffrey McCall's ("Defendant") Objection To Magistrate Judge's Report and Recommendation (R. 36) filed on November 23, 2021 ("Defendant's Objection").  (Doc. No. 37.)  On November 30, 2021, the United States of America filed the Government's Response to Defendant's Objection ("the Government's Response").  (Doc. No. 40.)  Although given the opportunity to do so, Defendant did not file a reply in support of Defendant's Objection.

The procedural history of this case, as well as the arguments of counsel for the parties are set forth in detail in the Report and Recommendation of Magistrate Judge Thomas M. Parker and will not be repeated here.  (Doc. No. 36, PageID #s 213-15.)  Magistrate Judge Parker concluded that pursuant to *United States v. Watson*, 475 F.App'x 598, 600, 601 (6th Cir. 2012), the Court is "under no obligation to reopen the issue of McCall's pretrial detention" and that "the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less like to pose a danger to the community." Magistrate Judge Parker found that the new information, i.e., Defendant's period of Texas state parole ending in September 2021 leading to his parole being "recalled", does not have a material

bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community. (Doc. No. 36, PageID # 216.) Magistrate Judge Parker noted that Defendant had not explained how the removal of a warrant somehow makes him less of a danger to the community or reduces his risk of flight, and that instead, Defendant had pointed to the prior determination by a magistrate judge that any danger to the community could be mitigated by appropriate bond conditions. Magistrate Judge Parker concluded that the prior determination by the magistrate judge in Texas was a nullity because the Government's motion for a stay of the Texas magistrate judge's determination and revocation of the Texas bond order had been mooted by this Court. Ultimately, Magistrate Judge Parker concluded as follows:

> Although McCall persuasively argues the merits of an 18 U.S.C. § 3142(g) bond analysis, that puts the cart before the horse. We don't get to the analysis of whether McCall should be released on bond in the first instance under that standard unless he can meet the Section 3142(f)(2)(B) standard. He has not done so. The record is devoid of any valid reason to conclude that the current order of detention – to which McCall agreed – should be revisited. The elimination of a warrant for his arrest by another law enforcement agency does not do so.

(Doc. No. 36, Page ID #216.)

Accordingly, Magistrate Judge Parker recommended to this Court that it deny Defendant's motion for bond and conclude that he is not entitled to have the issue of his detention reopened.

The Court has reviewed the cases cited by Defendant cited and discussed in Defendant's Objection and is not persuaded that they support the conclusion or argument that any part of Magistrate Judge Parker's order is clearly erroneous or contrary to law. Indeed, the Court finds that no part of Magistrate Judge Parker's order is clearly erroneous or contrary to law, and therefore, adopts his Report and Recommendation.

**IT IS SO ORDERED.**

Date: December 15, 2021

                              _s/Pamela A. Barker_
                              PAMELA A. BARKER
                              U. S. DISTRICT JUDGE